*Franklin,*
*January,*
*1826.*

TREASURER OF THE STATE *vs.* STEPHEN HOLMES and *twenty others.*

The commitment of a delinquent sheriff to prison, upon a treasurer's extent, does not lay a founda-
tion for a *scire facias* against the sureties of such sheriff, under the act entitled "An act in addi
tion to and amendment of an act, entitled "*An act constituting the Supreme Court of judicature,*
*and county courts, defining their powers, and regulating judicial proceedings,*" passed Novem-
ber 7, 1809.

And, so long as such delinquent sheriff remains in prison, there seems to be no further remedy *for*
*the state,* provided by statute.

THIS was a *scire facias* against *Stephen Holmes* and others,
sureties of one *Shiveric Holmes,* late sheriff of the county of
Franklin, in his bond of recognizance for the faithful discharge
of the duties of said office, citing them to appear and show cause,
why an execution should not issue against *them,* for the amount
of an extent, theretofore issued against the said *Shiveric,* as sher-
iff as aforesaid, by the treasurer of the state, for $268,86, and
the interest thereon from the first day of June, 1820, upon which
extent the said *Shiveric* had been committed to prison.

The defendants pleaded in bar of this writ, that after the said
commitment, and while the said *Shiveric* was in prison, and in
the custody of one *Joseph Weeks,* then sheriff and keeper in chief

of said jail, he was by the said *Weeks* admitted to the liberties thereof, having first given bonds, conditioned that he should faithfully remain within said liberties, committing no escape, &c. That he afterwards did escape; that the said *Weeks* thereupon commenced an action of debt on the jail bond, and prosecuted the same to final judgment and execution, which execution was duly returned, with a return of *non est inventus* thereon.

*Franklin, January, 1826.*

*Treasurer vs. Holmes et al.*

To the defendants' plea there was a demurrer, and joinder in demurrer.

*Swift*, in support of the demurrer. The plea in bar does not set forth facts which constitute a defence to the action, and the whole question is supposed to rest on the sufficiency of the declaration; for the admission of *Holmes* to the liberties of the jail, as is set forth in the plea, was not an act authorized by the plaintiff, or by law, and amounted to a voluntary escape by the sheriff, which could not impair the obligation of the sheriff's bail, or in any way prevent the plaintiff from pursuing *Holmes* or his bail. (11 *Mass. R.* 11, *Brown* vs. *Gitchell.*) Neither can the act of the sheriff in taking the bond, to indemnify him against the escape of *Holmes*, or the proceedings thereon, set forth in said plea, in any manner affect the right of the plaintiff to maintain this action. Nor can the liability of *Weeks*, who permitted *Holmes* to escape, affect the right of the plaintiff to maintain this action.—5 *Mass. R.* 318.—11 *do.* 11.

But whether the plaintiff has a right to maintain *scire facias* against the bail in this case, is a question of more importance. And it is contended, that a *scire facias* is the proper (if not the only) remedy, and the case, if not within the letter, is within the equity of the statute. (*see stat.* 101–2.) The assessment of a tax against the inhabitants of a town, by the Legislature, has all the validity and effect of a judgment, and becomes a debt of record, or judgment of record, not only against the inhabitants, but against any constable or sheriff who are delinquent in the collection of such tax. And the treasurer is authorized to issue his execution in behalf of the state, for the collection of such tax, and such execution has all the validity and effect of any execution issued on any judgment whatever. (*see stat.* 400–1–2–3–4–5.)

But it is contended by the defendants, that the action ought to have been brought in the name of the *treasurer of the county*, on the recognizance. But admitting such action could be maintained (which is doubted) it would be in effect the same thing, and the defendants in this case are entitled to all the advantages of defence which they could have had, had debt been brought on the recognizance (*see stat.* 102.) It is contended further, that without the aid of the statute, directing *scire facias*, it is the proper remedy in this case. The recognizance is itself a judgment against the defendants, and this is the proper mode of obtaining execution on the same.—4 *Mass. R.* 68, *Thompson, Tr.* vs. *Phillips and others.*

If *scire facias* does not lie in this case, and the sheriff's recognizance cannot be put in suit, excepting for the benefit of the

Franklin,
January,
1826.

Treasurer
vs.
Holmes et al.
*See ante,
vol. 1, p. 111.

county, as has been decided by this Court,* then the plaintiff, who sues for the benefit of the state, is without remedy. And admitting the plaintiff could maintain a suit on the recognizance, the remedy is uncertain, as the bond may always be put in suit for the benefit of, and at the control of some other person. We presume, therefore, the Court will, if possible, so construe the act as to secure the benefits intended by it.

The counsel for the defendants insisted, 1. That the plaintiff's declaration is insufficient. *Scire facias* against sheriff's bail lies only where the sheriff has been sued, judgment rendered on such suit, and execution shall have issued on such judgment. In the present case, there has been no suit or judgment. —*Stat.* p. 101, 102.

2. In support of their plea, they insisted, that the admission of *Holmes*, the delinquent sheriff, to the liberties of the jail, by *Weeks*, the sheriff and keeper of the prison, was a voluntary escape, and the only right of action which the state had, was an action of debt against *Weeks*, to recover of him or his bail, double the amount contained in said extent. The original demand in favour of the state against the constable, the town of St. Albans, and *Holmes*, the delinquent sheriff, became merged in the right of action against *Weeks* and his bail.—*Stat.* 404–5, *ch.* 49, *no.* 1, *sec.* 11.

The opinion of a majority of the Court was delivered by

PRENTISS, J. As the defendant's plea in bar in unquestionably bad, and has not been relied upon at all, the only question to be decided, is, whether the matter contained in the writ of *scire facias* is sufficient to entitle the plaintiff to maintain it. Neither the treasurer of the state, nor the state itself, being a party to the recognizance, it is very clear, that the writ cannot be supported, unless the case comes within the first section of the statute, made in addition to and amendment of the act, constituting the Supreme Court of judicature and county courts, defining their powers, and regulating judicial proceedings. (*Comp. stat. ch.* 7, *p.* 101.) The statute provides, "that when any sheriff or high bailiff hath been, or shall be *sued* for any *neglect, default,* or *unfaithfulness* in his office and duty, and *judgment hath been* or *shall be rendered* against such sheriff or high bailiff, for any such *neglect, default,* or *unfaithfulness,* as aforesaid, and *execution shall have issued thereon,* and a *non est inventus* shall be legally made against such sheriff or high bailiff, on *such execution ;* and also when any sheriff or high bailiff shall have been, or may be committed to jail, on any *execution, issued on such judgment as aforesaid,* that then, and *in every such case,* the person or persons *so recovering such judgment,* may in his, her or their own name and right, sue out a writ of *scire facias* against any or all of such sheriff's or high-bailiff's bondsmen or sureties, returnable, &c. and unless satisfactory cause be shown to the contrary, *such judgment had and rendered* against such sheriff or high-bailiff, shall be *affirmed* against such bondsmen, surety or sureties, with legal

interest and additional costs." By the terms of the statute, to entitle a party to the remedy by *scire facias*, against the sureties of the the sheriff, there must have been a *suit* against the sheriff for his *neglect* or *default*, a judgment therein ascertaining his neglect or default and the damages accruing therefrom, and an *execution issued on such judgment*, with a return of *non est inventus* on such execution, or a commitment of the sheriff to jail thereon. In such case, the party *so recovering such judgment*, may, in his own name and right, sue out a *scire facias* against the sureties of the sheriff, and *such judgment so had and rendered* against the sheriff may be *affirmed* against the sureties. By the language of the statute, the judgment which entitles the party to the writ of *scire facias*, and which is to be *affirmed* against the sureties, is a judgment rendered in a court of record, in the course of a suit, founded on the neglect or default of the sheriff. The second section, in speaking of it, uses the emphatick words, "*rendered by any court in this state*." In this case, there has been no *suit* against the sheriff for his neglect or default, no *judgment* against him, ascertaining his liability and the amount of damages, nor any *execution* issued on any *such judgment*. The extent issued by the treasurer against him, and on which he was committed to jail, may be in the nature of an execution, but it is not an execution *issued on a judgment, rendered or recovered* against him, in a *suit* for his neglect or default. The judgment to be *affirmed*, must be one so *rendered* or *recovered*, and the plaintiff never having recovered any such judgment, there is no such judgment against the sheriff, which can be affirmed against the sureties. It is impossible, therefore, to bring the case within the terms of the statute.

It has been argued by the plaintiff's counsel, that if the case is not within the letter of the statute, yet it is within the equity of it, and that the object of the Legislature being to provide ample security for the faithful performance of the duties of the sheriff, and to give to every party injured by his neglect of duty an adequate and efficient remedy, the Court ought to give to the statute such a construction as will carry into effect this object. But as the plaintiff is not a party to the recognizance, the statute must be considered as creating the right as well as the remedy against the sureties, and having prescribed specifically the mode in which the remedy is to be pursued, that mode must be followed, and the Court are not at liberty to adopt any other. Such appears to have been the principle adopted in the construction of a statute on the same subject, in New-York. It is there enacted, "that in case of any *recovery*, by any party aggrieved, against any sheriff, for any *default* or *misconduct* in his office, it shall be lawful for the justices of the Supreme Court, upon motion in open court, to order the bond so given by the sheriff to be put in suit against such sheriff or his sureties, or any or all of them." In *the People* vs. *Speaker*, 18 *Johns. R.* 390, it was determined, that to entitle the party aggrieved by the default of the sheriff, to have the bond put in suit against the

*Franklin,*
*January,*
*1826.*

*Treasurer*
*vs.*
*Holmes et al.*

*Franklin,*
*January,*
*1826.*

*Treasurer*
*vs.*
*Holmes et al.*

sureties, under the statute, he must have previously recovered a judgment against the sheriff, in an *action* against him, grounded directly on such default, and that it was not enough that he had proceeded by *attachment* against the sheriff for his default, and that a judgment had been recovered against the sheriff, on the *recognizance* given by him for his appearance, on the return of the *attachment.* If the state, or the treasurer of the state, could have maintained an action on the case against the sheriff for his neglect of duty, a judgment might in that way have been recovered against the sheriff, which would have brought the case within the statute, and given a right to the remedy by *scire facias* against the sureties. But if this could not have been done, and the treasurer was bound to pursue the course directed by the act, regulating the collection and payment of taxes, and that course is the only one which can be pursued in such case, it must be supposed, that the legislature considered the remedy thus given, altogether as ample and efficient, as the security of the publick revenue, and the nature and exigencies of the case, required. This remedy is an extent against the sheriff, directed to the high-bailiff; and if the high-bailiff omits or neglects to discharge his duty in executing the extent, he forfeits double the sum contained in such extent, to be recovered by the treasurer, in an action of debt, brought on the statute, against the high-bailiff, or against him and his sureties. If the sheriff is committed to jail on the extent, and escapes, the keeper of the jail is made answerable, unless he escapes through the insufficiency of the jail, in which case the county is accountable, and has its remedy over against the sheriff and his sureties. (*Comp. stat. ch.* 49, *sec.* 11.) It is true, if the sheriff remains in jail without committing any escape, no remedy is given ; but if the Legislature have not seen fit to furnish a remedy in such an event, it does not belong to the Court to provide one. Except in this instance, the remedy appears to be full and complete. In the present case, if the sheriff, as is said, was permitted to escape, the remedy by the statute was direct against the keeper of the jail. But if neither that nor any other remedy existed, it would not affect the present question. The settled principle with regard to sureties is, that they are not to be made liable, unless the case is brought within the very terms and scope of their undertaking. This principle requires, that a strict construction should be given to the statute in this case, in favour of the sureties, and by it, they can be made liable only to the extent, and in the manner prescribed by the statute. In the case just cited, Spencer, Ch. J. said, that they were bound to give a construction to the statute on this principle, and that it forbid an equitable or enlarged construction. The case before us is manifestly neither within the words or meaning of the statute, and the defendants are entitled to judgment.

Hutchinson, J. I am so unhappy as to dissent from my brethren in this decision. I am sensible there is great weight

*Franklin,*
*January,*
*1826.*

*Treasurer*
*vs.*
Holmes *et al.*

in the reasons assigned for their opinion, and, were it a new question, I should probably concur with them. There is, however, some plausibility in the argument opposed to this opinion. When the Legislature laid the tax, and the treasurer had designated the portion due from the town of St. Albans, it became fixed as a judgment, and when the treasurer issued his warrant to the first constable of said town, for the collection of said tax, this warrant was as an execution. When the constable had neglected to return this warrant, and to pay over the amount to the treasurer, and the treasurer had recorded this neglect, and issued his extent to the sheriff against the constable, this was as a judgment and execution against the constable; and when this extent against the constable was directed and delivered to the sheriff, and he neglected to return the same, and the treasurer had recorded that neglect, and issued his extent against such sheriff, this was as a judgment and execution against such sheriff; and when this extent is directed and delivered to the high-bailiff, and he commits the sheriff upon it, he is in prison as upon execution. These proceedings are not technically judgments and executions, but they are just as effectual to establish the neglect of the sheriff as judgments and executions. The records and signings of *Benjamin Swan, treasurer,* are as conclusive to bind the sheriff, as his records and signings, as *clerk of the Supreme Court.* This being the only way in which the treasurer can come in as a creditor to collect of the sheriff's bail, debts for which the sheriff has made default and has been committed to prison; and this mode being within the reason of the statute, there is a plausibility in considering the case within the statue. But I do not feel at liberty to consider this a new question. Actions like the present have been brought against sheriffs' bail from time to time, ever since the revised laws of 1797. I have known them frequently, for twenty-five years, and trials had upon other points, and this objection not raised till about the year 1818–19, when such a declaration was demurred to in this Court, in Windsor county, and the case partly argued and laid over till the next term, and then fully argued, and the Court decided, that the declaration was sufficient. Now, a decision, which disregards so long a practice under a statute, and a practice which must have been known to the Legislature, and has remained without their interference, and which decision reverses a solemn decision of this Court, upon the same point, I consider as the repeal of a law, and as taking away the only remedy the state have against a sheriff's bail, for the neglect of such sheriff; and I cannot readily give my assent to it.

Judgment for the defendants.

*Benj. Swift* and *J. Smith,* for the plaintiff.

*Asa Aldis, Jas. Davis* and *Seth Wetmore,* for the defendants.